**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4989**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

      v.

STEFFEN V. WRIGHT,

              Defendant – Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.   Thomas E. Johnston,
District Judge.  (5:03-cr-00052-2)

Submitted: April 10, 2009          Decided:  April 21, 2009

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, David R. Bungard, Assistant Federal Public
Defender, Charleston, West Virginia, for Appellant.   Charles T.
Miller, United States Attorney, John L. File, Assistant United
States Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steffen V. Wright appeals his sentence to eleven months in prison and forty-eight months of supervised release imposed in the district court's judgment revoking supervised release. On appeal, Wright does not challenge the district court's finding that he violated the conditions of his supervised release, but he contends that his eleven-month prison sentence is plainly unreasonable because it does not further the purposes of supervised release. We affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). We first consider whether the sentence is procedurally or substantively unreasonable. Id. at 438. While a district court must consider the Chapter 7 policy statements, U.S. Sentencing Guidelines Manual Ch. 7, Pt. B (2007), and the statutory requirements and factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006), the district court ultimately has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum. Id. at 438-39. Only if we find the sentence procedurally or substantively unreasonable, must we decide whether it is "plainly" unreasonable. Id. at 439.

2

We have reviewed the record and find Wright's sentence is both procedurally and substantively reasonable, and within the prescribed statutory range. In imposing its sentence, the district court considered Wright's policy statement range under USSG § 7B1.4 and the relevant statutory requirements and factors, and the court reasonably determined a prison sentence at the high end of the policy statement range, followed by a new supervised release term, was appropriate in this case.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED